## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between and among defendants PROFESSIONAL PLACEMENT AND RECUITMENT, INC., PAYAG CORP., and RENA AVENDULA (hereinafter "Defendants") and Plaintiff LYDA RAE C. MIQUIABAS (hereinafter "Plaintiff"). Defendants and Plaintiffs are referred to collectively as the "Parties."

## RECITALS

WHEREAS, on August 12, 2015 Plaintiff filed a Complaint against Defendants asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Minimum Wage Act, Article 19 of the New York Labor Law("NYLL") and the common law of contract, captioned *Lyda Rae C. Miquiabas v. Professional Placement and Recruitment Inc., et al.*, No. 15 Civ. 04718 (LDH)(JO) in the U.S. District Court for the Eastern District of New York (hereinafter the "Litigation"); and

WHEREAS, Defendants deny Plaintiff's allegations;

WHEREAS, the Parties exchanged documents, information, and damages estimates to analyze and evaluate the merits and value of the Litigation in advance of settlement discussions;

WHEREAS, on December 15, 2015, the Parties reached a settlement in the Litigation;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims (as defined below) that Plaintiff has or may have against Defendants;

WHEREAS, the Parties' respective counsel have analyzed and evaluated the merits of Plaintiff's claims and Defendants' defenses to those claims, and based upon that analysis and evaluation, and recognizing the substantial risks of continued litigation, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate, and that this Agreement is in the Parties' best interest;

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1. **DEFINITIONS**   The terms set forth below shall be defined as follows:

   1.1. **Plaintiff.** "Plaintiff" means Plaintiff Lyda Rae C. Miquiabas.

**1.2.   Plaintiff's Counsel.**  "Plaintiff's Counsel" means Jonathan A. Bernstein of Levy Davis & Maher, LLP (39 Broadway, Suite 1620, New York, New York 10006).

**1.3.   Defendants.**  "Defendants" means Professional Placement and Recruitment, Inc., Payag Corp., and Rena Avendula.

**1.4.   Defendants' Counsel.**  "Defendants' Counsel" means Elizabeth E. Schlissel of Certilman, Balin, Adler & Hyman, LLP (90 Merrick Avenue, 9th Floor, East Meadow, NY 11554.

**1.5.   Parties.**  "Parties" means and refers to Plaintiff and Defendants.

**1.6.   The Litigation.**  "The Litigation" refers to the lawsuit captioned *Lyda Rae C. Miquiabas v. Professional Placement and Recruitment Inc., et al.*, No. 15 Civ. 04718 (LDH)(JO) in the U.S. District Court for the Eastern District of New York.

**1.7.   The Court.**  "The Court" refers to the Eastern District of New York.

**1.8.   Settlement.**  "Settlement" means the terms of the settlement of this Litigation, which is embodied fully in this Agreement.

**1.9.   Negotiated Settlement Payment.**  "Negotiated Settlement Payment" means the One Hundred Fifty-One Thousand Dollars ($151,000.00) Defendants agree to pay to settle the Litigation.

**1.10.   Initial Payment.**  "Initial Payment" means Defendants' payment of Twenty Thousand Dollars ($20,000) by March 26, 2016.

**1.11.   Installment Payments.**  "Installment Payments" means Defendants' payment of One Hundred and Thirty-One Thousand Dollars ($131,000.00) in 23 equal monthly installments starting on April 22, 2016.

**1.12.   Early Payment Option.**  "Early Payment Option" means if Defendants pays One-Hundred and Forty-One Thousand Dollars ($141,000.00) within one year of the date of this Agreement, Plaintiff will excuse the remainder of the debt consisting of Ten Thousand Dollars ($10,000.00).

## 2.  SETTLEMENT PAYMENTS

### 2.1.   Negotiated Settlement Payment and Distribution to Plaintiff.

a.   Defendants agree to pay the Negotiated Settlement Payment of One Hundred Fifty-One Thousand Dollars ($151,000.00) for the purpose of settling the Litigation.

b.       The initial payment of Twenty Thousand Dollars ($20,000.00) of the Negotiated Settlement Payment will be delivered by Defendants to Plaintiff's Counsel by March 26, 2016. .  The Initial Payment will consist of three checks: (1) in the amount of $7,600.00 made out to Lyda Miquiabas as wages in which taxes will be withheld; (2) in the amount of $7,600.00 to Lyda Miquiabas as liquidated damages; and (3) in the amount of $4,800.00 to Levy Davis and Maher as attorney's fees.

c.       Defendants will deliver the remaining One Hundred and Thirty-One Thousand Dollars (131,000.00) to Plaintiff's Counsel in equal monthly installments for 23 months. The Installment Payments will commence on April 22, 2016 and shall continue to be delivered to Plaintiff's Counsel no later than the 22nd of each month for the duration of the 23-month period. Each Installment Payment shall consist of three checks as detailed in Exhibit A.

d.       Defendants have an Early Payment Option by which if they pay One-Hundred and Forty-One Thousand Dollars ($141,000.00) within one year of the date of this agreement, Plaintiff will excuse the remainder of the debt consisting of Ten Thousand Dollars ($10,000.00).

e.       In the event that any of the installments are not timely paid, or are not honored by the payor bank, and if such installment remains unpaid for more than twenty-one (21) days, after receipt of notice by defendants' counsel, via email at eschlissel@certilmanbalin.com, Plaintiff shall be entitled to interest on the unpaid installment in the amount of nine (9%) per annum. If the installment remains unpaid for 30 days from the due date thereof, defendants shall be in default hereunder.

f.       Each Defendant shall execute an Affidavit of Confession of Judgment in the amount of One Hundred and Fifty-One Thousand Dollars ($151,000.00), annexed hereto as Exhibit B, which shall be held in escrow by Plaintiff's Counsel pending receipt of all payments referenced above.  In the event that all of the payments are made in accordance with the Agreement, Plaintiff's Counsel shall immediately return the original Affidavits of Confession of Judgment to Defendants' Counsel.

g.       Default hereunder shall entitle plaintiff to file the Confessions with the Clerk of the Court and to proceed with all lawful means of enforcing the judgment as confessed for the full amount with all accrued interest and costs, giving credit only for payments actually received. For so long as there is no default hereunder, plaintiff shall not commence any claims or litigation against defendants.

h.       Defendants shall notify Plaintiff within five business days in the event that they list the following property:  41-55 57th Street, Woodside, New York 11377for sale or execute an agreement to sell this property. Failure to do so shall be deemed a default hereunder.

3

**2.2.    Settlement Amounts Payable As Attorneys' Fees And Costs.**

a.      From the Negotiated Settlement Payment, Plaintiff's Counsel shall receive Sixteen Thousand Dollars ($16,000.00), constituting attorneys' fees and costs.  .

**2.3.    Taxes.**

a.      On or about January 31, 2017 and January 31, 2018, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form W-2 reflecting payment to the Plaintiff of that portion of the Settlement Payment representing wages which was received by Plaintiff in the prior calendar year and a Form 1099 reflecting payment to the Plaintiff of that portion of the Settlement Payment representing liquidated damages and interest which was received by Plaintiff in the prior calendar year. On or about January 31, 2017 and January 31, 2018, Plaintiff's attorney shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form 1099 reflecting payment of attorney's fees in the prior calendar year. On or about January 31, 2017 and January 31, 2018, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form 1099-MISC   reflecting payment of attorney's fees in the prior calendar year.Plaintiff acknowledges and agrees that she will be solely responsible for all taxes, interest and penalties due with respect to any payments treated as liquidated damages and interest (and reported on IRS Form 1099) made pursuant to this Agreement and will indemnify, defend and hold Defendants harmless from and against any and all taxes, interest, penalties, attorneys' fees and other costs imposed on Defendants as a result of her failure to timely pay such taxes.  Plaintiff further agrees that she will be individually responsible for federal, state and local tax consequences (including tax payments, contributions, interest, penalties and all other monies due) associated with receipt of the payments called for by this paragraph (with the exception of employer's share of payroll taxes).  Plaintiff acknowledges and agrees that she have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement.

**3.  RELEASES**

**3.1.    Claims Released by Plaintiffs.**  In exchange for the Negotiated Settlement Payment set forth in Section 2 of this Agreement, and other valuable consideration set forth elsewhere in this Agreement to which Plaintiff is not otherwise entitled, Plaintiff for herself, and her spouse and family, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), knowingly, voluntarily and with the advice of counsel, fully and forever release, acquit, waive, and discharge the Defendants, their present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, predecessors, successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them including Professional Placement and

Recruitment Inc., Payag Corp. and Rena Avendula, (the "Releasees"), in their personal, individual, official and/or corporate capacities, from:

a.    any and all claims asserted in the Litigation, including the contract, FLSA and NYLL wage-and-hour claims arising up to and including the date Plaintiff signs this Agreement, whether known or unknown, whether contingent or non-contingent, specifically asserted or not, which the Releasor, or any of them, may assert anywhere in the world against the Releasees, or any of them, relating to FLSA violations or NYLL wage-and-hour claims arising as a result of her employment with Defendants, or any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in the Litigation (collectively, the "Released Claims").

**3.2.**    Claims Released by Defendants.   In exchange for dismissal of the Action, and other valuable consideration set forth elsewhere in this Agreement, Defendants, for themselves, their spouses and families, attorneys, officers, directors, parents, subsidiaries, affiliates, partners, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively in this Paragraph, the "Defendants"), knowingly, voluntarily and with the advice of counsel, fully and forever release, acquit, waive, and discharge the plaintiff in their personal, individual, official and/or corporate capacities, from any and all liability to them and each of them arising from any and all acts that may have violated her or its rights under any contract, tort, federal, state, or local law, any other statute, executive order, law, ordinance, or any other duty or obligation of any kind or description. This release includes, but is not limited to, claims for breach of an express or implied contract, claims for breach of an implied covenant of good faith and fair dealing, claims for breach of duty, and intentional infliction of emotional distress; all claims for any form of economic loss; all claims for personal injury, including mental anguish, emotional distress, pain and suffering, humiliation; and all claims for costs and attorney's fees.

**3.3.    Release Upon the Initial Payment.**   Upon Plaintiff's receipt of the Initial Payment of Twenty Thousand Dollars ($20,000.00), the release in Section 3.1 will become effective.

**3.4.    Non-Admission of Liability.**   By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiff, all such liability being expressly denied. Rather, Defendants enter into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiff. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever.

**3.5.    Complete Relief.**   The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, and only to the extent such right cannot be waived, to file or participate in an investigative proceeding of any federal, state or local governmental

agency, but no Plaintiff may seek any monetary damages, relief or recovery in such a proceeding.

## 4. FUTURE EMPLOYMENT & NEUTRAL EMPLOYMENT REFERENCE

### 4.1.   Future Employment.

a.      Plaintiffs expressly waive and release any and all rights or claims to re-employment or reinstatement with Defendants. Plaintiff acknowledges that any application for employment she makes to Defendants may be rejected without cause and without any liability whatsoever.

### 4.2.   Neutral Employment Reference

a.      Defendants agree that they will respond to any requests for an employment reference regarding Plaintiff by stating the following, and only the following: Plaintiffs' dates of employment and job title.

## 5. DISMISSAL OF THE LAWSUIT

**5.1.**     Plaintiff authorizes and instructs Plaintiff's Counsel to sign a Stipulation of Dismissal with Prejudice ("the Dismissal Order") in the form attached to this Agreement as Exhibit C.  The parties shall direct their counsel to file a joint motion for approval of the settlement in the United States District Court for the Eastern District of New York as soon as practicable .

## 6. MISCELLANEOUS

**6.1.**     **Entire Agreement.**  This Agreement and all attachments, constitutes the entire Agreement between the Parties.   All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

**6.2.**     **Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties.

**6.3.**     **Arm's Length Transaction; Materiality of Terms.**   The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel.  No term of this Agreement will be construed against either Party, as this entire Agreement is the result of arm's-length negotiations between the parties.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**6.4.    Captions.**  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**6.5.    Construction.**  The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties.  Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any drafting Party.

**6.6.    Governing Law.**  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a full and complete settlement and waiver of claims.  To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein.

**6.7.    Amendment**.  This Agreement may not be modified, altered, or changed except upon express written consent of both of the Parties wherein specific reference is made to this Agreement.

**6.8.    Effective Date.**  This Agreement shall become effective following its execution by the Parties.

**6.9.    Attorney's Fees and Costs.**  Except as specifically provided in Paragraph 2.2 of the Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation.

**6.10.    Fair and Reasonable Settlement.**  The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation.  The Parties also agree that there was no undue influence, duress, overreaching, collusion or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

**6.11.    Severability**.  In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in full force and effect, and to that end the provisions of this Agreement are declared to be severable.

**6.12.    Continued Jurisdiction.**  The Court retains jurisdiction of the Litigation as necessary to enforce the terms of this Agreement.

**6.13.    Counterparts**.  This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same

instrument.  Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign).  The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

PLAINTIFF

_____
Lyda Rae C. Miquiabas

Date:_____02. 10. 16_____

DEFENDANTS

_____
Rena Avendula
for Professional Placement and
Recruitment Inc.

Date:_____

_____
Rena Avendula
For Payag Corp.

Date:_____

_____
Rena Avendula

Date: _____

8

instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

PLAINTIFF                                    DEFENDANTS

_____              _____
Lyda Rae C. Miquiabas                        Rena Avendula
                                             for Professional Placement and
                                             Recruitment Inc.
Date:_____

                                             Date:    1/29/16

                                             _____
                                             Rena Avendula
                                             For Payag Corp.

                                             Date:    1/24/16

                                             _____
                                             Rena Avendula

                                             Date:    1/24/16

8

# EXHIBIT A

**EXHIBIT A**

**PAYMENT SCHEDULE**

| Payment Date | Total Due | Allocation of Payment |
|---|---|---|
| March 26, 2016 | $20,000.00 | $7,600.00 to Lyda Miquiabas as wages<br><br>$7,600.00 to Lyda Miquiabas as liquidated damages<br><br>$4,800.00 to Levy Davis and Maher as attorney's fees |
| April 22, 2016 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| May 22, 2016 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| June, 22, 2016 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| July, 22, 2016 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| August 22, 2016 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| September 22, 2016 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| October 22, 2016 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| November 22, 2016 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| December 22, 2016 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| January 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| March 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| April 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages |

| | | |
|---|---|---|
| | | $2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| May 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| June 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| July 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| August 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| September 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| October 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| November 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| December 22, 2017 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| January 22, 2018 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| February 22, 2018 | $5,695.66 | $2,169.57 to Lyda Miquiabas as wages<br>$2,169.57 to Lyda Miquiabas as liquidated damages<br>$1,356.52 to Levy Davis and Maher as attorney's fees |
| March 22, 2018 | $5,692.48 | $2,168.51 to Lyda Miquiabas as wages<br>$2,168.51 to Lyda Miquiabas as liquidated damages<br>$1,355.46 to Levy Davis and Maher as attorney's fees |

# EXHIBIT B

**X 245**—Confession of Judgment Ind. or Corp.—Blank Court.     ©1979 by **Blumberg** Excelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

SUPREME **COURT** OF THE STATE OF NEW YORK
**COUNTY OF** QUEENS

**Index No.**

LYDA RAE C. MIQUIABAS,

**Plaintiff(s)**,

*against*

**AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

PROFESSIONAL PLACEMENT AND RECRUITMENT, INC., PAYAG
CORP. and RENA AVENDULA,

**Defendant(s)** .

**STATE OF NEW YORK, COUNTY OF** QUEENS **ss.:**

RENA AVENDULA *being duly sworn, deposes and says; that deponent is*

† *(the* President *of* Professional Placement and Recruitment, Inc.
a New York *corporation and is duly authorized to make this affidavit on behalf of the corporate)*
*defendant herein.*

*The defendant hereby confesses judgment herein and authorizes entry thereof against defendant in the*
*sum of $* 151,000.00

*Defendant resides at* 51-34 Roosevelt Avenue, Woodside, NY 11377
*in the County of* Queens *State of* New York *. Defendant authorizes entry*
*of judgment in*

*County, New York, if said residence address is not in New York State.*

*This confession of judgment is for a debt justly* * *due to the plaintiff arising from*
*the following facts:* Defendants' breach of settlement agreement in 15 Civ.4718,
Federal District Court, E.D.N.Y.

*This affidavit, if made in connection with an agreement for the purchase for $1,500.00 or less of any com-*
*modities for any use other than a commercial or business use upon any plan of deferred payments whereby the*
*price or cost is payable in two or more installments, was executed subsequent to the time a default occurred in*
*the payment of an installment thereunder.*

*Sworn to before me this*
*day of*

.......................................................
The name signed must be printed beneath

RENA AVENDULA

† **Strike out matter in parenthesis if defendant is individual.**
* **Insert words "to become" if debt is not yet due.**
** **If in a city court, insert name of court, UCCA §1403.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index No.
Address of Plaintiff:

LYDA RAE C. MIQUIABAS,

Plaintiff(s),

against

PROFESSIONAL PLACEMENT AND RECRUITMENT, INC. PAYAG CORP and RENA AVENDULA,

Defendant(s).

**JUDGMENT BY CONFESSION**

| | | |
|---|---|---|
| *Amount Confessed* | $ | |
| *Interest* | | $ |
| *Costs by Statute* | | |
| *Transcript* | | |
| *Fees on Execution* | | |
| *Satisfaction* | | |
| *Filing Fee* | | |
| | *Total* | $ |

STATE OF NEW YORK, COUNTY OF

**ATTORNEY'S AFFIRMATION**

*The undersigned, attorney at law of the State of New York, affirms that he is attorney(s) of record for the plaintiff herein and states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount and affirms this statement to be true under the penalties of perjury.*

*Dated:*

Print Name Beneath Signature

JUDGMENT *entered the day of* .

*On filing the foregoing affidavit of Confession of Judgment made by the defendant herein, sworn to the day of* ,

NOW, ON MOTION OF *attorney(s) for plaintiff it is*

ADJUDGED *that* *plaintiff*, *residing at* *do recover of* *defendant*, *residing at* *the sum of $* *with interest of $* *making a total of $* *together with $* *costs and disbursements, amounting in all to the sum of $* *and that the plaintiff have execution therefor.*

*Clerk*

*Index No.*

SUPREME COURT
COUNTY OF QUEENS

LYDA RAE C. MIQUIABAS,

*Plaintiff(s)*,

*against*

PROFESSIONAL PLACEMENT AND RECRUITMENT, INC. PAYAG CORP. and RENA AVENDULA,

*Defendant(s)*.

**Affidavit and Judgment by Confession**

LEVY DAVIS & MAHER, LLP
*Attorney(s) for Plaintiff*
*Office and Post Office Address*
39 Broadway, Ste. 1620
New York, NY 10006
Tel: (212) 371-0033

X248—Confession of Judgment Ind. or Corp.—Blank Court.   ©1979 by Blumberg Excelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

SUPREME   **COURT**   OF THE STATE OF NEW YORK
COUNTY OF   QUEENS

*Index No.*

LYDA RAE C. MIQUIABAS,

*Plaintiff(s)* ,

**against**

PROFESSIONAL PLACEMENT AND RECRUITMENT, INC. PAYAG CORP.
and RENA AVENDULA,

*Defendant(s)* .

*AFFIDAVIT OF*
*CONFESSION OF*
*JUDGMENT*

**STATE OF NEW YORK, COUNTY OF**   QUEENS   **ss.:**

RENA AVENDULA   *being duly sworn, deposes and says; that deponent is*

† *(the*   President   *of*   Payag Corp.
a   New York   *corporation and is duly authorized to make this affidavit on behalf of the corporate)*
*defendant herein.*

*The defendant hereby confesses judgment herein and authorizes entry thereof against defendant in the*
*sum of $*   151,000.00
*Defendant resides at*   51-34 Roosevelt Avenue, Woodside, NY 11377
*in the County of*   Queens   *State of*   New York   . *Defendant authorizes entry*
*of judgment in*
*County, New York, if said residence address is not in New York State.*

*This confession of judgment is for a debt justly* *   due to the plaintiff arising from*
*the following facts:*   Defendants' breach of settlement agreement in 15 Civ.4718,
Federal District Court, E.D.N.Y.

*This affidavit, if made in connection with an agreement for the purchase for $1,500.00 or less of any com-*
*modities for any use other than a commercial or business use upon any plan of deferred payments whereby the*
*price or cost is payable in two or more installments, was executed subsequent to the time a default occurred in*
*the payment of an installment thereunder.*

*Sworn to before me this*
*day of*

........................................................
The name signed must be printed beneath
RENA  AVENDULA

† Strike out matter in parenthesis if defendant is individual.
* Insert words "to become" if debt is not yet due.
** If in a city court, insert name of court, UCCA §1403.

SUPREME COURT COUNTY OF QUEENS

Index No.

LYDA RAE C. MIQUIABAS,

Plaintiff(s),

against

PROFESSIONAL PLACEMENT AND RECRUITMENT, INC., PAYAG CORP. and RENA AVENDULA,

Defendant(s).

## Affidavit and Judgment by Confession

LEVY DAVIS & MAHER, LLP

*Attorney(s) for Plaintiff*
*Office and Post Office Address*
39 Broadway, Ste. 1620
New York, NY 10006
Tel: (212) 371-0033

---

Clerk

and that the plaintiff
have execution thereof.

together with $
costs and disbursements, amounting in all to the sum of $

the sum of $          making a total of $
with interest $

residing at
do recover of                              *defendant*          ,

residing at
*plaintiff*          ,

ADJUDGED that

attorney(s) for plaintiff                    it is
NOW, ON MOTION OF
                    day of                          the
On filing the foregoing affidavit of Confession of Judgment made by the defendant
                    herein, sworn to

JUDGMENT entered the          day of

Dated:

Print Name Beneath Signature

this statement to be true under the penalties of perjury.

and true and have been or will necessarily be made or incurred herein and are reasonable in amount and affirms
attorney(s) of record for the plaintiff          herein and states that the disbursements above specified are correct

*The undersigned, attorney at law of the State of New York, affirms that*          *he is*

STATE OF NEW YORK, COUNTY OF          **ATTORNEY'S AFFIRMATION**

| | $ |
|---|---|
| *Total* | |

| Filing Fee | |
| Satisfaction | |
| *Fees on Execution* | |
| *Transcript* | - |
| Costs by Statute | $ |
| Interest | |
| *Amount Confessed* | $ |

*JUDGMENT BY CONFESSION*

PROFESSIONAL PLACEMENT AND RECRUITMENT, INC. PAYAG
CORP. and RENA AVENDULA,

*Defendant(s).*

*Plaintiff(s),*

against

LYDA RAE C. MIQUIABAS,

SUPREME COUNTY OF QUEENS          OF THE STATE OF NEW YORK
COURT

*Index No.*

*Address of Plaintiff:*

P 245—Confession of Judgment, Ind. or Corp.-Blank Court   © 1928 by Blumberg Excelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

SUPREME **COURT** OF THE STATE OF NEW YORK
**COUNTY OF** QUEENS

Index No.

LYDA RAE C. MIQUIABAS,

                                    Plaintiff(s),

        **against**

PROFESSIONAL PLACEMENT AND RECRUITMENT, INC. PAYAG CORP.
and RENA AVENDULA,

                          Defendant(s).

**AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

**STATE OF NEW YORK, COUNTY OF** QUEENS     **ss.:**

    RENA AVENDULA     *being duly sworn, deposes and says; that deponent is*

†(the xxxxxxxxxxxxxxxxxxxxxxxxxx of xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx corporation and is duly authorized to make this affidavit on behalf of the corporate) *defendant herein.*

    *The defendant hereby confesses judgment herein and authorizes entry thereof against defendant in the sum of $* 151,000.00

    *Defendant resides at* 41-55 57th Street, Woodside, NY 11377
*in the County of* Queens     *State of* New York     . *Defendant authorizes entry of judgment in*

    *County, New York, if said residence address is not in New York State.*

    *This confession of judgment is for a debt justly* *     *due to the plaintiff arising from the following facts:* Defendants breach of settlement agreement in 15 Civ.4718,
Federal District Court, E.D.N.Y.

    *This affidavit, if made in connection with an agreement for the purchase for $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments, was executed subsequent to the time a default occurred in the payment of an installment thereunder.*

*Sworn to before me this*
    *day of*

.............................................................................
The name signed must be printed beneath

RENA AVENDULA

† **Strike out matter in parenthesis if defendant is individual.**
* **Insert words "to become" if debt is not yet due.**
** **If in a city court, insert name of court, UCCA §1403.**

Index No.

SUPREME COURT
COUNTY OF QUEENS

LYDA RAE C. MIQUIABAS,

Plaintiff(s),

against

PROFESSIONAL PLACEMENT AND
RECRUITMENT, INC., PAYAG CORP.
and RENA AVENDULA,

Defendant(s)

*Affidavit and Judgment by Confession*

LEVY DAVIS & MAHER, LLP
*Attorney(s) for Plaintiff*
*Office and Post Office Address*
39 Broadway, Ste. 1620
New York, NY 10006
Tel: (212) 371-0033

SUPREME **COURT** OF THE STATE OF NEW YORK
COUNTY OF QUEENS

LYDA RAE C. MIQUIABAS,
Plaintiff(s),
against
PROFESSIONAL PLACEMENT AND RECRUITMENT, INC., PAYAG
CORP. and RENA AVENDULA,
Defendant(s)

Index No.
*Address of Plaintiff:*

*JUDGMENT BY CONFESSION*

| | |
|---|---|
| Amount Confessed | $ |
| Interest | |
| Costs by Statute | $ |
| Transcript | - |
| Fees on Execution | - |
| Satisfaction | - |
| Filing Fee | - |
| *Total* | $ |

STATE OF NEW YORK, COUNTY OF

**ATTORNEY'S AFFIRMATION**

The undersigned, attorney at law of the State of New York, affirms that he is attorney(s) of record for the plaintiff herein and states that the disbursements above specified are correct and true and have been or will necessarily be made or incurred herein and are reasonable in amount and affirms this statement to be true under the penalties of perjury.

Dated:

Print Name Beneath Signature

**JUDGMENT** entered the      day of

On filing the foregoing affidavit of Confession of Judgment made by the defendant      herein, sworn to      the      day of

**NOW, ON MOTION OF**      attorney(s) for plaintiff      it is

**ADJUDGED** that

plaintiff      residing at
do recover of
defendant      residing at
the sum of $      with interest $      making a total of $      together with $      costs and disbursements, amounting in all to the sum of $      and that the plaintiff have execution therefor.

Clerk

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LYDA RAE C. MIQUIABAS,

                Plaintiff,

    -against-

PROFESSIONTAL PLACEMENT AND
RECRUITMENT INC, PAYAG CORP. and
RENA AVENDULA,

                Defendants.
-------------------------------------------------------------------x

Index No.: 15-CV-4718
(LDH)(JO)

## STIPULATION AND [*PROPOSED*] ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, through their undersigned counsel, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs or attorneys' fees (other than those costs and attorneys' fees specified in the Settlement Agreement and Release) as to all claims against Defendants Professional Placement and Recruitment Inc, Payag Corp., and Rena Avendula.

*3247228.1*

CERTILMAN BALIN ADLER & HYMAN, LLP

*Attorneys for Defendants Professional Placement and Recruitment Inc, Payag Corp., and Rena Avendula*

LEVY DAVIS & Maher, LLP

*Attorneys for Plaintiff Lyda Rae C. Miquiabas*

By: _____

By: _____
Jonathan A. Bernstein, Esq,

Elizabeth E. Schlissel, Esq.

Date: _____

Date: _____


SO ORDERED on this _____ day of _____, 2015


_____
James Orenstein
United States Magistrate Judge


*3247228.1*